IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jason Kelly, | ) | C/A No. 0:10-3136-SB-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Leroy Cartledge, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Jason Kelly ("Kelly"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 30.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 32.) Kelly filed a response in opposition to the respondent's motion. (ECF No. 43.) Having carefully considered the parties' submissions and the record in this case, the court finds that Kelly's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

## BACKGROUND

Kelly was indicted in October 2004 in Florence County for murder, attempted armed robbery, and possession of a weapon during the commission of a violent crime (04-GS-21-1221). (App. at 121-22, ECF No. 31-1 at 123-24.) Kelly was represented by Steven G. Mikell, Esquire, and on June

PJG

17, 2005 pled guilty to murder and attempted armed robbery.[1]  (App. at 22, ECF No. 31-1 at 24.)
The circuit court sentenced Kelly to forty years' imprisonment for murder and twenty years'
imprisonment for attempted armed robbery, both sentences to be served concurrently with Kelly's
sentence of eighteen years for a prior armed robbery.  (App. at 50-51, 54-55, ECF No. 31-1 at 52-53,
56-57.)  Kelly did not file a direct appeal.

Kelly filed a *pro se* application for post-conviction relief ("PCR") on June 16, 2006.  (Kelly
v. State of South Carolina, 06-CP-21-1047, App. at 58-64, ECF No. 31-1 at 60-66.)  On February
12, 2007, the PCR court held an evidentiary hearing at which Kelly was present and testified and was
represented by Charles T. Brooks, III, Esquire.  (App. at 70-110, ECF No. 31-1 at 72-112.)  By order
filed March 13, 2007, the PCR judge denied and dismissed Kelly's PCR application with prejudice.
(App. at 111-16, ECF No. 31-1 at 113-18.)

In his PCR appeal, Kelly was represented by Robert M. Pachak, Esquire, Appellate Defender,
who filed a Johnson[2] petition for a writ of certiorari on Kelly's behalf on September 6, 2007.  (ECF
No. 31-4.)  In an order dated April 4, 2008, the South Carolina Supreme Court denied Kelly's
petition for a writ of certiorari.  (ECF No. 31-7.)  The remittitur was issued April 22, 2008.  (ECF
No. 31-8.)

---

[1] Pursuant to a negotiated plea agreement, the State dismissed the charge of possession of a
firearm during the commission of a violent crime.  (App. at 13, ECF No. 31-1 at 15.)

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California,
386 U.S. 738 (1967) to post-conviction appeals).  Anders requires that counsel who seeks to
withdraw after finding the "case to be wholly frivolous" following a "conscientious examination"
must submit a brief referencing anything in the record that arguably could support an appeal; furnish
a copy of that brief to the defendant; and after providing the defendant with an opportunity to
respond, the reviewing court must conduct a full examination of the proceedings to determine if
further review is merited.  Anders, 386 U.S. at 744.



Thereafter, Kelly filed a motion for relief from judgment pursuant to Rule 60(b), SCRCP, a motion for appointment of counsel, and an amended PCR application.[3] (ECF No. 31-9.) In an order filed March 5, 2010, the PCR court denied Kelly's motions. (ECF No. 31-10.) On March 10, 2010, counsel for Kelly appealed the PCR court's order.[4] (ECF No. 31-11.) In a letter dated April 5, 2010, the South Carolina Supreme Court informed Kelly that the petition for a writ of certiorari and appendix should be served and filed within thirty days from the date of its letter. (ECF No. 31-12.) Kelly filed a *pro se* petition for a writ of certiorari and an appendix on May 6, 2010. (ECF No. 31-15.) The South Carolina Supreme Court dismissed Kelly's appeal on May 12, 2010 due to Kelly's failure to serve and file the petition for writ of certiorari and appendix in accordance with Rule 243(d) of the South Carolina Appellate Court Rules. (ECF No. 31-14.) On May 18, 2010, Kelly filed a *pro se* motion for reconsideration of the South Carolina Supreme Court's order of dismissal. (ECF No. 31-16.) By letter dated June 18, 2010, the South Carolina Supreme Court forwarded the *pro se* documents filed by Kelly to Kelly's PCR counsel, and gave Kelly's counsel fifteen days with which to seek reinstatement of the matter, if appropriate. (ECF No. 31-17.) The remittitur was issued August 5, 2010. (ECF No. 31-19.)

On March 3, 2011, Kelly filed a *pro se* motion for relief from judgment pursuant to Rule 60(b), SCRCP with regard to the PCR court's March 5, 2010 order. (ECF No. 31-20.) The record

---

[3] The record is unclear with regard to the filing date of Kelly's motions. Although the PCR court's order (ECF No. 31-9) states that they were filed January 27, 2010, the motions clearly display a file-stamp date of April 2, 2009 (see, e.g., ECF No. 31-9 at 1, 3, 13, 16, 19, 21).

[4] Additionally, the respondent states that Kelly filed a *pro se* motion on April 7, 2010 in which he asked the PCR court to alter or amend its March 5, 2010 order denying his motion for relief from judgment pursuant to Rule 60(b), SCRCP, a motion for appointment of counsel, and motion to amend his PCR application. It appears that this request was denied. (See Resp.'s Mem. Supp. Summ. J., ECF No. 31 at 13-14.)



does not contain an order on this motion.  (See Respt.'s Mem. Supp. Mot. Summ. J., ECF No. 31

at 14.)

## FEDERAL HABEAS ISSUE

Kelly filed the instant Petition for a writ of habeas corpus on December 10, 2010.  (ECF No.

1.)  In his Petition, Kelly raises the following issue:

> **Ground One:**  Ineffective Assistence of Counsel.
> **Supporting Facts:**  (#1) Trial counsel was ineffective whereas when faced with on insufficient and defective indictment, thereby faling to move the trial court to quash the indictment; (#2) Trial counsel ineffective whereas counsel failed to sufficiently test the state's case against his client, were it is to say that counsel took the version of the government's facts as true, and failed to pursue motion to suppress statements and impeach witnesses, where such constitute "hearsay," (#3) counsel failed to investigate and pursue a defence consistent with the standerds established under M'Naughton insanity defense.

(ECF No. 1 at 5) (errors in original).

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine

dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing

to particular parts of materials in the record" or by "showing that the materials cited do not establish

the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary

judgment "against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).



In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Statute of Limitations**

The respondent argues that Kelly's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Kelly's conviction became final ten days after June 17, 2005,



the date of his plea and sentencing, as this was the last date on which he could serve a notice of appeal to the South Carolina appellate courts. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed.")  Thus, his conviction became final on June 27, 2005.  Accordingly, the limitations period began to run on June 28, 2005 and expired on June 27, 2006, unless the period was at any time tolled for any properly filed state PCR application or other collateral review.  28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Kelly filed a state PCR application on June 16, 2006.  At that point, 353 days of non-tolled time had accrued since the period of limitations began to run.  The period of limitations was tolled during the pendency of Kelly's PCR action until April 22, 2008, when the South Carolina Supreme Court issued the remittitur from its order denying Kelly's certiorari petition.  At this time, Kelly had 12 days of statutory time remaining, which means that Kelly had until May 5, 2008[5] to file a timely federal habeas corpus petition.

Kelly filed multiple motions for reconsideration of the PCR court's order and to amend his PCR application.  Even considering these motions as an attempt by Kelly to file a second PCR application, and even viewing the filing date of these documents in the light most favorable to Kelly,

---

[5] May 4, 2008 was a Sunday; therefore, Kelly had until the following Monday, May 5, 2008 to file his federal habeas petition.  See Fed. R. Civ. P. 6(a)(3); see also Rules Governing § 2254 Cases, Rule 11, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").



these filings would not toll the statute of limitations because they were filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). To toll the one-year statute of limitations period governing federal habeas petitions, state PCR proceedings must commence prior to the expiration of the federal statutory period. See 28 U.S.C. § 2244(d). Thus, Kelly's motions did not toll or revive the already expired statute of limitations for filing his federal habeas action. Therefore, Kelly's statutory deadline expired on May 5, 2008.

Kelly's federal Petition was filed on December 8, 2010. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Accordingly, Kelly filed his federal habeas application over two and a half years after the expiration of the one-year limitations period under § 2244(d)(1)(A).

## C.    Kelly's Arguments

Kelly makes several arguments with regard to the timeliness of his federal Petition in both his response in opposition to the respondent's motion for summary judgment and in his memorandum in support of his Petition. (ECF No. 43 & ECF No. 1-1.) Kelly first argues that multiple mental health medications taken from the period of September 20, 2002 through December 27, 2006 essentially rendered him mentally incompetent. (ECF No. 1-1 at 6.) Kelly also argues that his plea attorney failed to file a direct appeal, despite Kelly requesting him to do so, and that this failure resulted in the limitations period starting to run without Kelly's knowledge. (ECF No. 43 at 23.) Additionally, Kelly alleges that he was unable to timely file his habeas petition due to multiple institutional lockdowns that restricted the amount of time he was allowed to access the library. (ECF No. 1-1 at 6-7.) Kelly alleges that his general lack of knowledge of the law, combined with his other arguments, present extraordinary circumstances. (ECF No. 43 at 24.)



To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Kelly must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 130 S. Ct. 2549 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418 (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

With regard to Kelly's argument that he was mentally incompetent from September 20, 2002 through December 27, 2006 due to multiple mental health medications, the court observes that mental incompetence may constitute extraordinary circumstances warranting equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004) ("As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity."); Fisher v. Gibson, 262 F.3d 1135, 1145 (10th Cir. 2001) (finding that petitioner's mere allegations of incompetency at the time of his guilty pleas, which significantly predated his deadline, were insufficient to warrant equitable tolling of the limitations period); Collins



v. Scurr, 230 F.3d 1362 (8th Cir. 2000) (Table) (finding that bald and unsupported assertions relating to alleged mental incompetency that occurred at a time remote to petitioner's habeas petition filing deadline did not equitably toll the statute of limitations). As an initial matter, the PCR court rejected Kelly's assertion that he was mentally incompetent during this time. In fact, the PCR court specifically found that

> "[Kelly] alleges that he was taking medications for schizophrenia at the time of this plea. . . . [Kelly] failed to disclose any medication of mental illness to [his plea attorney]. Further, there was a specific inquiry by the trial judge as to medications and [Kelly]'s mental capacity. [Kelly] advised the judge that he was on no medications and that he was not suffering from any mental or emotional difficulties. Furthermore, [Kelly] did not proffer any evidence at the PCR hearing, other than his non-credible testimony, that would seem to indicate he was taking any anti-psychotic medication at the time of his plea. Additionally, [Kelly] testified at the PCR hearing that he understood the questions and gave coherent answers and that he was, in fact, in touch with reality.

(App. at 115, ECF No. 31-1 at 117.) Kelly's mere allegations of mental incompetency, without more, fail to demonstrate that this finding was in error. Moreover, even if the court were to toll the time Kelly alleges he was mentally incompetent, Kelly has still failed to timely file his Petition.

As stated above, Kelly also argues that his plea attorney failed to file a direct appeal, despite Kelly requesting him to do so, and that this failure resulted in the limitations period starting to run without Kelly's knowledge. The court observes that attorney misconduct that is beyond a garden variety claim of attorney negligence may present a basis for equitable tolling. See Holland, 130 S. Ct. 2549. However, the allegations in this case do not appear to warrant equitable tolling. The court notes that this appears to be the first time that Kelly has raised this claim. For example, Kelly did not seek to file a belated appeal in his PCR proceedings. See White v. State, 208 S.E.2d 35 (S.C. 1974) (holding that where a PCR judge determines that an applicant did not freely and voluntarily



waive his direct appellate rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues). Nevertheless, even if the court were to consider tolling the time period between the date on which the judgment became final and the filing of Kelly's initial PCR application, thus commencing the statute of limitations period at the conclusion of Kelly's initial PCR proceeding on April 22, 2008, Kelly still failed to timely file his Petition.

To the extent that Kelly alleges that he is entitled to equitable tolling due to multiple lockdowns, limited library access, or lack of knowledge of the law, Kelly's arguments do not constitute the type of extraordinary circumstances justifying equitable tolling.  See Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (stating that limited access to a law library is not grounds for equitable tolling); Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002) (recognizing that the lack of access to library materials does not automatically qualify as grounds for equitable tolling); Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (observing that prison conditions, such as lockdowns or misplacement of legal papers, are not normally grounds for equitable tolling) (citing Akins v. United States, 204 F.3d 1086 (11th Cir. 2000)); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are not:  having an inadequate law library, . . . claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).  Although Kelly argues that "mass punishment" and numerous lockdowns limited the amount of time he was able to use the law library, he provides estimated calculations of that time which appear to demonstrate that,



while perhaps reduced at times, access to the library was available to Kelly. (ECF No. 1-1 at 6-7, 10-11.) Furthermore, while Kelly asserts that the lockdowns occurred from October 2005 through June 2006, he provides no evidence as to how these lockdowns would have affected his ability to meet his May 5, 2008 statutory deadline.

In sum, Kelly's Petition was filed over two and a half years after the expiration of the statutory deadline and conclusion of his initial PCR proceedings. Many of Kelly's arguments in support of equitable tolling cover a time period that either significantly predated his statutory deadline or would not have rendered Kelly's Petition timely filed even if accepted. Thus, even jointly considering all of Kelly's arguments in support of equitable tolling, there is simply no indication that he has been pursuing his rights diligently. See Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."); Pace, 544 U.S. at 419 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court).

Finally, Kelly argues that the statute of limitations should not begin to run until the issuance of the remittitur from his appeal of the PCR court's order denying his motion for relief from judgment pursuant to Rule 60(b), SCRCP, motion for appointment of counsel, and motion to amend his PCR application. (ECF No. 43 at 24.) This argument fails, as section 2244(d)(1)(A) is clear that the one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

## RECOMMENDATION

Based upon the foregoing, the court finds that Kelly's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 30) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 30, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).