IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Jason Kelly,                          )
                                      )        C/A No. 0:10–3136-TMC
                Petitioner,           )
                                      )
        v.                            )        **OPINION & ORDER**
                                      )
                                      )
                                      )
Warden Leroy Cartledge,               )
                                      )
                Respondent.           )
_____ )

        Jason Kelly ("Petitioner"), a state prisoner proceeding pro se, filed this petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   This matter is before the Court

on Magistrate Judge Paige J. Gossett's Report and Recommendation filed September

30, 2011, recommending that Respondent's Motion for Summary Judgment be granted

and that this petition be dismissed as untimely. (Dkt. # 48).

        The Magistrate Judge's Report and Recommendation is made in accordance

with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this court.   The

recommendation has no presumptive weight. The responsibility to make a final

determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71

(1976). The court is charged with making a *de novo* determination of those portions of

the Report and Recommendation to which specific objections are made, and the court

may accept, reject, or modify, in whole or in part, the Magistrate Judge's

recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

        Petitioner was advised of his right to file objections to the Report and

Recommendation.  (Dkt. # 48 at 13). On October 17, 2011, Plaintiff filed objections to

the Report and Recommendation. (Dkt. # 50).

## Applicable Law

Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998).   Section 2244(d) specifically provides the following, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## Procedural History

Petitioner is currently incarcerated at the McCormick Correctional Institution. On June 17, 2005, Petitioner pled guilty to murder and attempted armed robbery.  (App. 22-23). Petitioner was sentenced to forty years for the murder and twenty years for the attempted armed robbery with both sentences to run concurrently to each other and to also run concurrently with a prior eighteen-year sentence. (App. 50-51; 54-55). Petitioner did not file a direct appeal.

On June 16, 2006, Petitioner filed a pro se application for post-conviction relief ("PCR"). (App. 58-64).  On March 13, 2007, the PCR court denied and dismissed Hart's

PCR application with prejudice.   (App. 110-116).  In his PCR appeal, Petitioner was represented by Appellate Defender Robert M. Pachak ("Pachak"). Pachak filed a *Johnson*[1] petition for a writ of certiorari on September 6, 2007. (Dkt. # 31- 7).  On April 4, 2008, the South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari. (Dkt. # 31-8).

Petitioner then filed a motion for relief from judgment pursuant to Rule 60(b), SCRCP, a motion for appointment of counsel, and an amended PCR application. (Dkt. # 31-9).[2]  In an order filed March 5, 2010, the PCR court denied Petitioner's motions. (Dkt. # 31-10).  Petitioner appealed the PCR court's order. (Dkt. 31-11).  On April 5, 2010, the South Carolina Supreme Court informed Petitioner that the petition for a writ of certiorari and appendix should be served and filed within thirty days from the date of its letter. (Dkt. # 31- 12). Petitioner filed a pro se petition for a writ of certiorari and an appendix on May 6, 2010.  (Dkt. # 31-15).   On May 12, 2010, the South Carolina Supreme Court dismissed Petitioner's appeal because Petitioner failed to serve and file the petition for writ of certiorari and appendix. (Dkt. #  31-14).  On May 18, 2010, Petitioner filed a pro se motion for reconsideration. (Dkt. # 31-16).   On June 18, 2010, the South Carolina Supreme Court forwarded the pro se motion to Petitioner's PCR counsel, and gave counsel fifteen days with which to seek reinstatement of the matter.  (Dkt. # 31-17). The remittitur was issued August 5, 2010. (Dkt. # 31-19).

On March 3, 2011, Petitioner filed a pro se motion for relief from judgment pursuant to Rule 60(b), SCRCP with regard to the PCR court's March 5, 2010 order.

---

[1]*Johnson v. State*, 364 S.E.2d 201 (S.C. 1988)(applying the holding in *Anders v. California*, 368 U.S. 738 (1967) to PCR appeals).

[2]As the Magistrate Judge pointed out, the date on which Petitioner filed these motions is unclear.  The PCR court's order states that they were filed January 27, 2010, but the motions are stamped as having been received April 2, 2009.

(Dkt. # 31-20).  The record does not contain an order on this motion. (*See* Respt.'s Mem. Supp. Mot. Summ. J.).

Petitioner filed the instant § 2254 petition on December 8, 2010.[3]  Respondent filed a motion for summary judgment on May 13, 2011.  Magistrate Judge Gossett recommends granting Respondent's Motion for Summary Judgment because Petitioner's § 2254 habeas petition is time-barred pursuant to 28 U.S.C. § 2244(d).  Petitioner filed objections to the Report and Recommendation on September 30, 2011.

## Discussion

In his objections, Petitioner does not contest that his petition is untimely.  Rather he argues that the court should apply equitable tolling because he is proceeding pro se; he was on mental health medication from September 20, 2002, through December 27, 2006; the institution was on lockdown restricting his access to the law library; and plea counsel failed to file a direct appeal.  These arguments were presented to the Magistrate Judge and, as discussed below, Petitioner has not provided any reason to disagree with the Magistrate Judge's conclusion that Petitioner is not entitled to equitable tolling.

"Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (internal quotation marks omitted).  However, Petitioner's pro se status does not entitle him to equitable tolling of the statute of limitations.  Unfamiliarity with the legal process and lack of

---

[3]The envelope containing Petitioner's petition was stamped as having been received by the prison mailroom on December 8, 2010.  (Dkt. # 1 Attach. # 3). Accordingly, Petitioner is deemed to have filed this petition on December 8, 2010. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

representation do not constitute grounds for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Likewise, negligence by counsel does not warrant equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2564 (2010). Nor do prison conditions, such as transfers, lockdowns, or misplacement of legal papers, normally provide a basis for equitable tolling. *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004); *Allen v. Johnson*, 602 F.Supp.2d 724, 727–28 (E.D.Va. 2009).

Furthermore, "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *Sosa*, 364 F.3d at 513. However, "proof of an existing mental illness, or claims that a petitioner is taking psychiatric medication or is under psychiatric care will not automatically warrant equitable tolling." *Robison v. Hinkle*, 610 F.Supp.2d 533, 539 (E.D.Va. 2009); *see also McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir.2008) ("[M]ental incompetence is not a per se reason to toll a statute of limitations."). In addition to demonstrating that a petitioner is incapacitated by mental illness or the side effects of psychiatric medications, "[a] petitioner must also allege facts sufficient to demonstrate the existence of 'a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing.' " *Robison*, 610 F.Supp.2d at 539-40 (*quoting Rios v. Mazzuca*, 78 F. App'x 742, 743 (2d Cir.2003)).   Assuming Petitioner was on medication for a mental health condition, Petitioner has not demonstrated that he was incapacitated or that this caused his filing to be late.  In any event, as the Magistrate Judge notes, even if the court were to toll the time Petitioner alleges he was on medication, Petitioner's petition is still untimely.

Petitioner simply has not shown the existence of extraordinary circumstances

beyond his control that would have prevented him from filing this federal habeas petition within the one-year limitations period. Based on the foregoing, the court concludes that Petitioner's § 2254 petition was filed after expiration of the AEDPA's one-year limitation period and Petitioner has not shown that he is entitled to equitable tolling.  Accordingly, this § 2254 petition should be dismissed as time-barred.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (Dkt. # 48) and incorporates it herein.  It is therefore **ORDERED** that Respondent's Motion for Summary Judgment s **GRANTED** and the habeas petition is **DISMISSED** with prejudice.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
November 23, 2011

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules

6

3 and 4 of the Federal Rules of Appellate Procedure.